[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Hyundai Motor America has filed an application pursuant to CT Page 10896 General Statutes 42-181(c)(4), 52-418 and 52-419 requesting this court to vacate or modify an arbitration award issued to Kimberly Mitton under the Automobile Dispute Settlement Program administered by the Department of Consumer Protection pursuant to General Statutes 42-181. Kimberly Mitton and the Department of Consumer Protection oppose the application to vacate or modify. After carefully reviewing the record and the briefs submitted by the parties, the court concludes that the arbitration panel correctly applied the law, that the panel's findings are supported by substantial evidence in the record and that the substantial rights of the applicant have not been prejudiced.
The consumer purchased the car on July 28, 1988. The arbitrators' factual findings that the vehicle was out of service for thirty days within the first two years of ownership and the first eighteen thousand miles are supported by substantial evidence. While there are conflicting claims as to the time the car was out of service and the mileage on the car, there is substantial evidence in the record which shows that prior to July 28, 1990, there were eight repair attempts and the car was out of service thirty days. There were four repair attempts for the same problem. There is evidence that the mileage on July 26, 1990, was seventeen thousand seventy five miles. The consumer established a reasonable number of repair attempts.
The manufacturer claims the arbitrators applied a qualification period for the warranty which was longer than two year period allowed by General Statutes 42-179(b). This claim is based on the reference in the arbitrators' memorandum to the date of April 16, 1992. This reference appears to be a scrivener's error. The date of April 16, 1990, appears to be the intended reference. From April 16, 1990, to April 20, 1990, the car was repaired as the result of an accident. A repair-shop order shows the mileage on the car was 16,612 as of April 16, 1990. The arbitrators used this mileage figure in computing the allowance for the consumer's use of the vehicle. The arbitrators concluded the car qualified as a lemon on April 16, 1990, which date is within the two year period. They did not extend the warranty period beyond two years.
The arbitrators correctly applied the law in awarding a reasonable use allowance and calculating the reimbursement for finance charges. The arbitrators resolved the issues relating CT Page 10897 to unauthorized repairs and the broken rocker shaft against the applicant.
The application to vacate or correct is denied.
THIM, JUDGE